Exhibit A

# TERM SHEET and SETTLEMENT AGREEMENT

<u>Strictly Private and Confidential</u>
<u>Subject to Legal Professional Privilege</u>

## PREAMBLE

This Term Sheet and Settlement Agreement ("Agreement") deals with the terms and conditions of the commercial arrangement and other remedies relating to the Bareboat Charter Party dated 16 November 2010 ("the "Lease") between Lantern Maritime Company (the "Owners") and Universal Grace Ltd. (the "Bareboat Charterers") on the MT *Wilutama*, (the "Vessel") and the non payment of charter hire payments by the Bareboat Charterers and the default of PT Berlian Laju Tanker Tbk ("BLT") and Gold Bridge Shipping Corporation under the terms of a Guarantee and Indemnity Agreement dated 16 November 2010 and subsequent legal proceedings arising therefrom.

## PART I - COMMERCIAL ARRANGEMENT

BLT Chembulk Group, as commercial agents for Chembulk Trading II, Marshall Islands (the "Time Charterers") present this proposal for a time charter party to Owners Lantern Maritime Company the terms and conditions of which are stipulated hereunder. Upon Owners' acceptance of this proposal and the release of the M/V Partawati currently under arrest in Houston, the terms of this proposal shall be binding upon BLT Chembulk Group, Chembulk Trading II and BT Berlian Laju Tanker Tbk ("BLT"), all of whom shall execute this Agreement.

The terms and conditions of this time charter party shall be reconfirmed by Time Charterer's within three (3) business days after reaching mutual agreement with Owners on all terms, as evidenced by a full recap but the terms set forth in this Agreement shall become binding on BLT, BLT Chembulk Group and Chembulk Trading II upon Owners' execution of this Agreement.

1. **Principals**

    Time Charterers:  Chembulk Trading II, LLC Marshall Islands
    Owners:           Lantern Maritime Company

2. **Vessel:**

    *MT Chem Ranger* (ex - MT *Wilutama*)
    As described in a current Q88
    Speed and consumption – subject to be Owner's reconfirmation
    Average Speed: 14.0 Kts (up to and including Beaufort Force 5)
    IFO: 26 MT/Day @ Sea and 3.0 MT MT/Day in port
    MDO: 0.50 MT/Day at sea or in port



3. **Vessel Managers:**

   Commercial Manager: BLT Chembulk Group
   Technical Manager:   Interunity Management Corp

4. **Laycan:**

   Commencement in direct continuation of Chembulk-Lantern Commercial Management Agreement dated 7 May 2012

5. **Period:**

   From commencement (approximately 1 July 2012) through 16 November 2015 (+/- 30 days in Charterer's option)

6. **Delivery/Redelivery**

   a. Delivery

      One port NE Asia or West Coast North America, in direct continuation of Chembulk-Lantern Commercial Management Agreement dated 7 May 2012

   b. Redelivery

      Dropping last outbound sea pilot (DLOSP), one port within trading range, in Charterer's option

7. **Trading:**

   Worldwide within IWL, excluding countries/regions under US and/or UN sanctions

8. **Cargo**

   In accordance with vessel Certificate of Fitness (COF)

9. **Time Charter Hire**

   a. Base rate: $17,000 per day

   b. Profit sharing:

      i. 50/50 on daily time charter equivalent (TCE) earnings exceeding the base rate up to $19,000 per day

      ii. Excess TCE earnings between $19,000 to $27,000 per day for Owners' account

      iii. Earnings exceeding $27,000 per day to be split 50/50.

2

   c. The TCE revenue shall be calculated in accordance with the following:

      i. Gross freight (and deadfreight, if applicable) less costs for

- Commissions (brokerage and address)
- Bunkers
- Port Expenses (agency fees, pilots, tugboats, line handlers etc.)
- Canal tolls
- Cleaning chemicals
- Miscellaneous various and sundry voyage-related expenses

   d. The daily TCE shall be calculated using a duration of a "load port to load port" or round-voyage basis and shall be reconciled at the end of each voyage.

   e. Should either or both of the principals so desire, a mutually accepted professional may be appointed to audit and verify the reconciled results

   f. Hire Payment:

      i. Hire to be payable on a weekly basis for seven (7) days advance hire.

      ii. Initial seven (7) day hire to be remitted upon commencement of time-charter period

Charterers shall remit the Owners' share of the surplus earnings within 7 business days following reconciliation along with supporting documentation

## 10. Commission:

   a. Owner's Address Commission
1.5% on freight, deadfreight and demurrage payable to Telendros Chartering, Ltd.

   b. Time Charterers' address Commission – subject to maximum $2100 per day for a period of 18 months only.

      2.5% Address Commission to Time-Charterers on Base Daily Hire
      2.5% total payable on freight/deadfreight and demurrage to BLT Chembulk Group

## 11. Conditions of Carriage:

- SHELLTIME4 (2003) TCP and terms/clauses as per Chembulk-Lantern trip/time charter 29 February 2012, mutually and logically revised for this longer term time-charter, including warranted majors vetting approvals etc.

- General Average & Arbitration in New York, U.S Law to apply.

- Further conditions of carriage are subject to review and mutual agreement

3



## PART II – OUTSTANDING HIRE, COST & REMEDIES

1. Upon the signing of this indicative term all legal proceedings associated with the Vessel and the Lease will be stayed and will not be advanced other than by mutual agreement.

2. Outstanding bareboat charter hire and legal expenses to a maximum of two million US dollars ($2,000,000) to be paid as follows:

   a. US$ 100,000 upon the release of MT *Partawati*

   b. US$ 100,000 per month payable on the first business day of each month commencing 1 July 2012 through December 2012, and

   c. US$ 150,000 per month payable on the first business day of each month commencing 1 January 2013

   In any event, the above maximum amount of USD2,000,000 will be paid in full within 12 months of the date of this agreement.

3. Any damages claim(s) and the "Put Option" are to be dealt with on a good faith basis in any restructuring/scheme of arrangement which will be launched by BLT no later than 30 September 2012.

4. MT Partawati is to be released upon reaching agreement/signing of this term sheet, but in any event no later than 11:59 PM CDT Monday 21 May 2012

5. If the Owner complies with this agreement, BLT and/or any and all of its affiliates unconditionally release Lantern, its affiliates, agents, attorneys and the agents of all of the foregoing from any and all claims, demands, causes of action etc. arising from the Universal Grace/Lantern charter party and from the arrest of the Partawati in Houston that the company and its affiliates may have or could have asserted from the inception of such claim up to the date of this Agreement.

6. Lantern confirms that subject to BLT and its affiliates complying with their obligations as stated herein, Lantern will refrain from instituting any further legal proceedings and/or seeking security for the claims which are currently the subject of the lawsuits pending in Connecticut and Houston.

7. The Owners' Rule B action filed in US Federal Court in Connecticut is to be suspended until such time as Owners receive $500,000 out of the $2,000,000 of outstanding bareboat charter hire and legal expenses in Part II (2). Owners agree to not pursue any action under the Rule B action as long as payments from BLT are made on the agreed upon schedule. The courts in Connecticut shall retain jurisdiction to enforce the terms of this Agreement and BLT Chembulk Group, Chembulk Trading II, LLC and BLT hereby irrevocably consent to the personal jurisdiction of the United States Dsitrict Courts for the District of Connecticut to enforce the terms of this Agreement.

8. The Owners and BLT are to jointly issue a press release stating that the disputes arising out of the default of the bareboat Lease have been amicably resolved.

9. Owners and BLT will use their reasonable enadeavours to agree to a substantially similar settlement structure for M/T Chem Bulldog (ex-Pitaloka), by no later than 30 September 2012.

Dated the 21st day of May 2012.

_____
Lantern Maritime Company
CHRISTOS MANGOS, DIRECTOR

_____
Universal Grace Ltd.

_____
PT Berlian Laju Tanker Tbk

_____
Gold Bridge Shipping Corporation

_____
John D. Noonan
CEO BLT Chembulk Group
as commercial agents for
Chembulk Trading II LLC, Marshall Islands

5

9. Owners and BLT will use their reasonable endeavours to agree to a substantially similar settlement structure for M/T Chem Bulldog (ex-Pitaloka), by no later than 30 September 2012.

Dated the 21st day of May 2012.

_____
Lantern Maritime Company

_____
Universal Grace Ltd.

_____
PT Berlian Laju Tanker Tbk

_____
Gold Bridge Shipping Corporation

_____
John D. Noonan
CEO BLT Chembulk Group
as commercial agents for
Chembulk Trading II LLC, Marshall Islands

5




ISO 9001

PT BERLIAN LAJU TANKER Tbk
*"Delivers with Safety, Competitiveness and Timeliness"*

# RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS
## OF
## PT BERLIAN LAJU TANKER Tbk (the "Company")
## AT A MEETING DULY HELD ON
## 16 May 2012

| | | | |
|---|---|---|---|
| Mr. | Widihardja Tanudjaja | - | President Director |
| Mr. | Michael Murni Gunawan | - | Director |
| Mr. | Henrianto Kuswendi | - | Director |
| Mr. | Wong Kevin | - | Director |
| Ms. | Siana Anggraeni Surya | - | Director |

Mr. Widihardja Tanudjaja took the chair as the Chairman of the Meeting and Ms. Siana Anggraeni Surya selected as the Secretary of the Meeting. The Chairman stated that notice of the meeting has been duly given and noted that a quorum was duly constituted by those present.

Whereas Universal Grace Ltd. (the "Bareboat Charterer"), an indirect subsidiary of the Company, has entered into lease agreement with Lantern Maritime Company (the "Owner") on 16 November 2010 (the "Lease") to charter MT Wilutama from the Owner.

Whereas the Company, Gold Bridge Shipping Corporation ("GBSC") and the Owner have entered into a Guarantee and Indemnity Agreement on 16 November 2010 (the "Guarantee").

Whereas the Bareboat Charterer failed to pay charter hire due in accordance to the Lease and default has also occurred by the Company and GBSC according to the Guarantee (the "Default").

Whereas as requested by the Owner, the United States District Court - Southern District of Texas – Houston Division has issued an Order of attachment of MT Partawati, Civil Action No. 12-1528 due to the above Default on 17 May 2012 (the "Attachment").

Whereas the BLT Chembulk Group, as commercial agents for Chembulk Trading II – Marshall Islands, the Bareboat Charterer, the Company and GBSC and the Owner will enter into a Term Sheet and Settlement Agreement deals with terms and conditions of the commercial arrangement and other remedies related to the Lease, the Guarantee and the Default and to release MT Partawati from the Attachment (the "Agreement").

In connection to the above statements and conditions, IT WAS RESOLVED:

1. That the Company shall enter and execute the Agreement as said above.

2. That Mr Widihardja Tanudjaja and/or Mr Michael Murni Gunawan and/or Mr Henrianto Kuswendi and/or Mr. Wong Kevin and/or Ms. Siana Anggraeni Surya, each of them being a director of the Company, and/or Mr. Cosimo Borrelli and/or Mr. John D. Noonan, are hereby authorized and directed on behalf of the Company to represent the Company to sign and perform what is set out in this resolution in their discretion as necessary or appropriate which

Head Office
Wisma BSG 8th Floor
Jl. Abdul Muis No. 40
Jakarta 10160 - INDONESIA
P : +62 21 30060300
F : +62 21 30060390

www.blt.co.id

BOD Resolutions
PT Berlian Laju Tanker Tbk

1

shall be conclusively evidenced by signature of the Agreement, and to do all such other acts or things as may appear appropriate or necessary in their sole discretion in connection with all matters contemplated by these resolutions.

Chairman of the Meeting                    Secretary of the Meeting

*[signature]*                              *[signature]*

By : **Widihardja Tanudjaja**              By : **Siana Anggraeni Surya**

# GOLD BRIDGE SHIPPING CORPORATION
Incorporated in the British Virgin Islands

RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS
OF
Gold Bridge Shipping Corporation (the "Company")
AT A MEETING DULY HELD ON
16 May 2012

| | | |
|---|---|---|
| Mr. Widihardja Tanudjaja | - | President Director |
| Mr. Michael Murni Gunawan | - | Director |
| Mr. Henrianto Kuswendi | - | Director |
| Mr. Wong Kevin | - | Director |
| Ms. Siana Anggraeni Surya | - | Director |
| Mr. Lau Pong Sze | - | Director |
| Mr. Liu Yu | - | Director |
| Mr. Chan Kai Chau | - | Director |

Mr. Widihardja Tanudjaja took the chair as the Chairman of the Meeting and Mr. Michael Murni Gunawan selected as the Secretary of the Meeting.

Whereas Universal Grace Ltd. (the "Bareboat Charterer"), has entered into lease agreement with Lantern Maritime Company (the "Owner") on 16 November 2010 (the "Lease") to charter MT Wilutama from the Owner.

Whereas the Company, PT Berlian Laju Tanker Tbk ("BLT") and the Owner have entered into a Guarantee and Indemnity Agreement on 16 November 2010 (the "Guarantee").

Whereas the Bareboat Charterer failed to pay charter hire due in accordance to the Lease and default has also occurred by the Company and BLT according to the Guarantee (the "Default").

Whereas as requested by the Owner, the United States District Court - Southern District of Texas – Houston Division has issued an Order of attachment of MT Partawati, Civil Action No. 12-1528 due to the above Default on 17 May 2012 (the "Attachment").

Whereas the BLT Chembulk Group, as commercial agents for Chembulk Trading II – Marshall Islands, the Bareboat Charterer, the Company and BLT and the Owner will enter into a Term Sheet and Settlement Agreement deals with terms and conditions of the commercial arrangement and other remedies related to the Lease, the Guarantee and the Default and to release MT Partawati from the Attachment (the "Agreement").

In connection to the above statements and conditions, IT WAS RESOLVED:

1. That the Company shall enter and execute the Agreement as said above.

BOD Resolutions
Gold Bridge Shipping Corp

1

2.  That Mr Widihardja Tanudjaja and/or Mr Michael Murni Gunawan and/or Mr Henrianto Kuswendi and/or Mr. Wong Kevin and/or Ms. Siana Anggraeni Surya, each of them being a director of the Company, and/or Mr. Cosimo Borrelli and/or Mr. John D. Noonan, are hereby authorized and directed on behalf of the Company to represent the Company to sign and perform what is set out in this resolution in their discretion as necessary or appropriate which shall be conclusively evidenced by signature of the Agreement, and to do all such other acts or things as may appear appropriate or necessary in their sole discretion in connection with all matters contemplated by these resolutions.

Chairman of the Meeting                             Secretary of the Meeting

By : **Widihardja Tanudjaja**                       By : **Michael Murni Gunawan**