UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANTERN MARITIME COMPANY,<br><br>             Plaintiff,<br><br>   - against-<br><br>PT BERLIAN LAJU TANKER TBK and<br>GOLD BRIDGE SHIPPING CORP.,<br><br>             Defendants. | 3:12-cv-398 (AVC) |

MOTION FOR ORDER TO SHOW CAUSE FOR CONTINUANCE OF HEARING

Defendants PT BERLIAN LAJU TANKER TBK and GOLD BRIDGE SHIPPING CORP. ("BLT"), by their attorneys Freehill, Hogan & Mahar LLP and Llorca & Hahn LLP, as and for their Motion for an Order to Show Cause for a Continuance of the December 6, 2012 Hearing set for consideration of all pending motions in this action, state the following as grounds therefore:

1. BLT brings this Order to Show Cause in order to request a continuance of the December 6, 2012 hearing for consideration of all pending motions in this matter including Plaintiff's motions to enforce a settlement agreement entered between the parties (Dkt. Nos. 55-69, 74-75, 77-80, 83-96) and to expedite the hearing of that motion (Dkt. Nos. 71-75), and the pending motion of Defendants seeking to strike Plaintiff's reply brief (Dkt. Nos. 98-99).

2.     As set forth in the accompanying Declaration of Michael Unger dated November 20, 2012, Defendants' principal, most knowledgeable, and crucial witness, Mr. Cosimo Borrelli, will be unavailable to testify on that date. Regrettably, Mr. Borrelli had been directed to testify

before a court in Hong Kong on December 5, 6, and 7 in another matter prior to the issuance of this Court's Order of November 15, 2012 setting the pending motions down for hearing.

3. Mr. Borrelli has provided two Declarations in connection with Plaintiff's pending motions to enforce the settlement and to expedite the hearing of that motion and has personally dealt with Mr. Brian Ladin, principal of Plaintiff Lantern Maritime Company ("Lantern") and with Mr. Christos Magnos, principal of non-party Pharos Maritime Company, on issues that directly touch upon Plaintiff's pending motions. Mr. Borrelli additionally has overall responsibility for and knowledge concerning the PKPU proceedings which were undertaken against BLT on an involuntary basis and in which BLT is attempting to obtain the agreement of a majority of its creditors in support of a Restructuring Plan for BLT.

4. BLT wishes to call Mr. Borrelli to testify at the hearing to provide testimony to further elaborate on the facts concerning: (a) the negotiations between BLT and Lantern in which he has been the point person on behalf of BLT; (b) the ongoing PKPU proceedings in Indonesia which he is overseeing in his role as Vice-President of Restructuring for BLT; and (c) other matters which we expect will assist the Court in its determination as to whether there has been a breach of the settlement agreement entered between the parties as alleged by Lantern.

5. Mr. Borrelli is available to travel to the U.S. to testify at a hearing in Hartford on December 11 and/or 12, 2012. Accordingly, to the extent the Court is available on either of those dates[1] Plaintiff has consented to the requested continuance.

6. Mr. Borrelli is scheduled for surgery on December 14, 2012 (which date was moved up by Mr. Borrelli's physicians early this week from December 21, 2012) and he will be

---

[1] Based upon a telephone conversation with Chambers today I understand that the Court is scheduled to commence a trial on December 10, 2012 and thus may be unavailable on those dates.

convalescing for approximately a week after the surgery. Mr. Borrelli will be available all of January.

7. Lantern has objected to any adjournment beyond December 14, 2012 on the ground that it wishes its pending motions to be heard by the Court as soon as possible. BLT's position in response is set forth in the Unger Declaration, in Defendants' opposition to Plaintiff's motion to expedite (Dkt. Nos. 73-75) and in Defendants' opposition to Plaintiff's motion to enforce the settlement (Dkt. Nos. 77-80).

8. BLT will be significantly prejudiced if Mr. Borrelli is not allowed to testify, especially in light of the fact that Mr. Borrelli has been the key individual in preparing the BLT Restructuring Plan and the conduct of the PKPU as well as being the central target of the allegations Plaintiff has levied against BLT in the various declarations that it has submitted to this Court in support of its meritless allegations of bad faith.

9. No application for the relief requested herein has been made to this or any other Court.

WHEREFORE, it is respectfully requested that the Court issue the accompanying Order to Show Cause, and, upon consideration of BLT's motion, grant a continuance of the hearing set for December 6, 2012 to December 11 or 12, 2012, or alternatively to January 7, 2013 or such other date in January as is convenient to the Court.

Dated:   November 20, 2012
         Stratford, Connecticut

                                        FREEHILL HOGAN & MAHAR LLP
                                        Attorneys for Defendants
                                        PT BERLIAN LAJU TANKER TBK and
                                        GOLD BRIDGE SHIPPING CORP.

By:

                    /S
_____
              Michael E. Unger (CT-17509)
              246 Margherita Lawn
              Stratford, CT 06615
              Tel: (203) 921-1913
              Fax: (203) 358-8377
              Email: unger@freehill.com


              Manual R. Llorca (CT-07921)
              Llorca & Hahn, LLP
              309 Greenwood Drive
              Panama City Beach, FL 32407
              Tel: 850.249.7117
              Email: m.llorca@llorcahahn.com